MORGAN, LEWIS & BOCKIUS LLP
CARRIE A. GONELL, SBN 257163
JOHN D. HAYASHI, SBN 211077
5 Park Plaza, Suite 1750
Irvine, CA  92614
Tel:  949.399.7000
Fax:  949.399.7001
cgonell@morganlewis.com
jhayashi@morganlewis.com

Attorneys for Defendant
GAMESTOP, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX MATHESON, an individual, on behalf of himself and on behalf of all persons similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>GAMESTOP, INC., a Minnesota Corporation; and DOES 1 through 50, inclusive,<br><br>　　　　　　　　Defendants. | Case No. **'12CV1812 LAB NLS**<br><br>**DEFENDANT GAMESTOP, INC.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA**<br><br>Diversity Jurisdiction Under The Class Action Fairness Act<br><br>[28 U.S.C. §§ 1332(d), 1441, 1446 and 1453] |

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, Defendant GAMESTOP, INC. ("Defendant" or "GameStop") hereby removes the above-entitled action from the Superior Court of the State of California, in and for the County of San Diego, to the United States District Court for the Southern District of California.  Removal is based on the following grounds:

**I.   THE REMOVAL IS TIMELY**

This Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b), because it is filed within thirty days from June 22, 2012, the effective date of service of the Complaint and Summons that were mailed by certified mail on June 12, 2012.  No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

**II.   THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION**

This Court has original subject matter jurisdiction based on diversity of citizenship under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because plaintiff is diverse from defendant and the amount in controversy exceeds $5 million.  Plaintiff brings this action as a putative class action on behalf of a California putative class, and alleges that he is a citizen of California.  Ex. A, Complaint, ¶¶ 3-4.  Defendant is not a citizen of California, but is a citizen of Texas and Minnesota.  Ex. A, Complaint, ¶ 1; *see also* Ex. B, Declaration of Everett B. "Chuck" Smith ("Smith Decl."), ¶ 3.  In addition, Plaintiff's class claims, when aggregated for potential class members, puts into controversy damages in excess of $5 million.

Removal under diversity jurisdiction is therefore proper pursuant to 28 U.S.C. §§ 1446 and 1453.

**A.   Diversity Exists Between The Parties**

The parties meet the diversity requirements of CAFA because one or more Plaintiffs, including members of the putative class, are citizens of different states from Defendant.  28 U.S.C. § 1332(d)(2)(A) (providing that diversity is met under this subsection where "any member

of a class of plaintiffs is a citizen of a State different from any defendant"). Diversity therefore exists between the parties under CAFA.

### 1. Plaintiff and the Members of the Putative Class Are California Citizens

At the time Plaintiff filed this action, Plaintiff alleged that he is a resident of San Diego County, California. Ex. A, Complaint, ¶ 3. In addition, Defendant's records reflect that Plaintiff's last address was in California. Ex. B, Smith Decl., ¶ 2. For diversity purposes, he is therefore considered a citizen of California.

Members of the putative class are also alleged to be citizens of California, because Plaintiff purports to represent a putative class of all persons who "were employed by Defendant GameStop, Inc. in California as non-exempt employees." Ex. A, Complaint, ¶ 4.

### 2. Defendant Is Not a Citizen of California

For diversity determination purposes, Defendant GameStop, Inc. is diverse from Plaintiff and putative members because Defendant is not a citizen of California. Plaintiff himself admits that Defendant GameStop, Inc. resides in the State of Texas. Ex. A, Complaint, ¶ 1.

GameStop, Inc. is a Minnesota corporation with its principal place of business located in Grapevine, Texas. Ex. A, Complaint, ¶ 1; Ex. B, Smith Decl., ¶ 3. GameStop, Inc. maintains its headquarters in Grapevine, Texas, and its officers direct, control, and coordinate the corporation's business activities from Grapevine, Texas. Ex. B, Smith Decl., ¶ 3. Accordingly, Grapevine, Texas is the "nerve center" of Defendant for diversity purposes, and Defendant is not now, and was not at the time this action was instituted, a citizen of the State of California. *See Hertz Corp. v. Friend*, 559 U.S. __, 130 S. Ct. 1181, 1186, 1192, 175 L. Ed. 2d 1029 (2010) (a corporation's principal place of business for diversity purposes is its "nerve center" -- the location where the corporation's officers direct, control, and coordinate the corporation's activities).

Although Plaintiff has named 50 fictitiously-named "Doe" defendants, the citizenship of these "Doe" defendants is disregarded for purposes of removal. 28 U.S.C. § 1441(a); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (for removal purposes, the citizenship of defendants sued under fictitious names shall be disregarded).

Accordingly, Defendant is not a resident of California for diversity jurisdiction purposes, and is therefore diverse from Plaintiff and the putative class he purports to represent.

### B.    The Amount Plaintiff Places in Controversy Exceeds $5 Million

Pursuant to CAFA, the amount in controversy component of diversity jurisdiction is satisfied when the aggregated claims of the individual members in a class action exceed the sum or value of $5 million. *See* 28 U.S.C. § 1332(d)(6). Furthermore, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief.)." Senate Judiciary Report, S. REP. 109-14, at 42.

Here, the Complaint does not allege a specific dollar amount Plaintiff seeks to recover. When a plaintiff fails to plead a specific amount of damages, the defendant must establish "by a preponderance of the evidence that the amount in controversy requirement has been met." *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 997-98 (9th Cir. 2007). Under the preponderance of evidence standard, a defendant need only make a factual showing that it is more likely than not the amount in controversy exceeds $5 million. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). "Said burden is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal 2008). The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a defendant will actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); *Scherer v. Equitable Life Assurance Society of the United States*, 347 F.3d 394, 397-99 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered when determining the amount in controversy; rather, it is the amount put in controversy by the plaintiff's complaint).

Although Defendant denies Plaintiff's factual allegations and denies that he or the class that he purports to represent are entitled to the relief for which he has prayed, Plaintiff's

allegations and prayer for relief have "more likely than not" put into controversy an amount that exceeds the $5 million threshold when aggregating the claims of the potential class members as set forth in 28 U.S.C. § 1332(d)(6).

Plaintiff seeks to represent a class of all current and former non-exempt employees in California from June 5, 2008 until present, and a "California Sub-Class" from June 5, 2009 until present. Ex. A, Complaint, ¶¶ 4, 34. Plaintiff's Complaint alleges three causes of action under the California Labor Code and Business & Professions Code: unfair competition pursuant to Business & Professions Code sections 17200 *et seq.*, failure to pay regular and overtime wages pursuant to Labor Code sections 510 and 1194, and failure to provide accurate itemized statements pursuant to Labor Code section 226. These causes of action allege that Defendant required class members to work off the clock, miscalculated overtime payments, failed to provide meal and rest breaks, and failed to provide accurate wage statements. *See generally,* Ex. A, Complaint.

For California Sub-Class alleged in the Complaint, during the period between June 5, 2009 through February July 5, 2012, the number of current and former non-exempt GameStop employees in California was over 15,000. Ex. B, Smith Decl., ¶ 4. As discussed below, when the claims of these current and former employees are aggregated, their claims put into controversy over $5 million in damages.

1. **Plaintiff's Third Cause of Action for Wage Statement Violations Seeks In Excess of $5 Million**

Plaintiff's Third Cause of Action, for failure to provide accurate wage statements, by itself creates an amount in controversy in excess of $5 million.

A defendant seeking to invoke CAFA jurisdiction can establish the amount in controversy by presenting evidence of the number of putative class members or class claims. *Korn v. Polo Ralph Lauren*, 536 F. Supp. 2d 1199, 1206 (E.D. Cal. 2008) (plaintiff's motion for remand denied). The number of putative class claims can then be multiplied by the damages alleged per claim to determine the amount in controversy. *Id.* In *Korn v. Polo Ralph Lauren*, for example, plaintiffs brought a class action alleging violations of California Civil Code section 1747.08,

5    DEFENDANT'S NOTICE OF REMOVAL

which carries a maximum civil penalty of $1,000 per claim.  To establish the $5 million amount in controversy for CAFA jurisdiction purposes, the defendant offered evidence that more than 5,000 potential claims (credit card transactions) took place during the class period.  The court found this evidence sufficient to prove, by a preponderance of the evidence, that the amount in controversy under CAFA was met, by multiplying the number of claims by the statutory penalty.  *Id.*  In addressing the defendant's evidentiary burden, the court held, "defendant need only demonstrate that there are at least 5,001 putative class claims."  *Id.*  Because the 5,001 putative class claims multiplied by the $1,000 statutory penalty resulted in an amount in controversy greater than $5 million, the district court found the amount in controversy satisfied, and denied plaintiff's motion to remand.

Here, Plaintiff alleges that Defendant "fail[ed] to provide an accurate wage statement in writing that properly and accurately itemized all hours worked by PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS."  Ex. A, Complaint, ¶ 76.  He further alleges that Plaintiff and the class he purports to represent are thus entitled to damages as provided for in Labor Code section 226.  Ex. A, Complaint, ¶ 77.

Labor Code section 226(e) provides that an employee is entitled to recover the greater of all actual damages or $50 for the initial violation and $100 for each subsequent violation, up to a maximum of $4,000, plus costs and reasonable attorneys' fees, if an employer knowingly and intentionally fails to provide an accurate, itemized wage statement.  Cal. Labor Code § 226(e); Ex. A, Complaint, ¶ 77.  Such an award may be granted for each wage statement issued that fails to comply with section 226's requirements.  Thus, according to Plaintiff's theory, he would be entitled to no less than $50 for the first violation, plus $100 for each subsequent violation, for every pay period during the class period where he allegedly did not receive an accurate statement of wages, subject to a maximum award of $4,000.  This maximum award of $4,000 would be reached if he (or employees similarly situated) received 41 or more inaccurate wage statements ($50 first alleged violation + 40 alleged subsequent violations x $100 = $4,050, in excess of the statutory maximum); or, in other words, was employed for at least 41 pay periods.  In addition,

DB2/ 23353383.4

under Plaintiff's alleged claim, each member of the putative class that he purports to represent would also be entitled to such an award, up to a maximum award of $4,000 for each putative class member.

GameStop pays wages to its non-exempt employees in California on a bi-weekly basis, for a total of 26 pay periods per year. Ex. B, Smith Decl., ¶ 5. As alleged in the Complaint, the class period for the "California Sub-Class" began three years prior to the filing of the original action on June 5, 2012. Thus, the alleged class period began on June 5, 2009.

For this time period, the amount in controversy exceeds $5 million. From June 5, 2009, through July 5, 2012, 2,985 putative class members have been or were employed by GameStop for 41 or more pay periods. Ex. B, Smith Decl., ¶ 6. These 2,985 putative class members would therefore be eligible for the statutory maximum award of $4,000. Cal. Labor Code § 226(e). Thus, the amount in controversy for these employees alone is $11,940,000 (2,985 class members x $4,000 maximum award = $11,940,000).

This figure does not include the alleged penalties for the other employees in California who worked less than 41 pay periods between June 5, 2009 and July 5, 2012, or any of the other claims alleged in the Complaint, which would only increase the amount in controversy further.

Accordingly, the amount in controversy from just one cause of action in Plaintiff's complaint exceeds the $5 million jurisdictional amount under CAFA. Plaintiff's additional claims—for unpaid wages, overtime, and unfair compeition—further increase the total amount in controversy.

        2.      <u>The Amount in Controversy Is Satisfied for Diversity Jurisdiction Purposes</u>

Although Defendant denies Plaintiff's allegations and denies that he or the class that he purports to represent are entitled to the relief for which he has prayed, based on Plaintiff's allegations, theories, and prayer for relief, the amount he has placed in controversy exceeds the $5 million threshold set forth under 28 U.S.C. § 1332(d), even without taking into account him claims for unpaid wages, meal and rest break premiums, waiting time penalties, or the entire four-year class period that Plaintiff alleges.

Because there is diversity between the parties and the amount in controversy threshold has been satisfied, this Court has original subject matter jurisdiction to hear this dispute.

### III. VENUE

This action was originally filed in the Superior Court for the County of San Diego and is therefore removable to this District.  28 U.S.C. § 1441(a).

### IV. NOTICE

Defendant will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

A true and correct copy of Plaintiff's original Complaint is attached hereto as Exhibit A.

A true and correct copy of the Declaration of Everett B. "Chuck" Smith in support of removal is attached hereto as Exhibit B.

A true and correct copy of Defendant's Answer, filed in the state court, is attached hereto as Exhibit C.

### V. CONCLUSION

Based on the foregoing, Defendant respectfully requests that this action be removed to this Court.  If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

Dated: July 20, 2012                                       MORGAN, LEWIS & BOCKIUS LLP

By /s/ Carrie A. Gonell
   Carrie A. Gonell
   Attorneys for Defendant
   GAMESTOP, INC.


## EXHIBITS TO NOTICE OF REMOVAL

PAGE

EXHIBIT A . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

EXHIBIT B . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 47

EXHIBIT C . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 50