# EXHIBIT A

FILED
CIVIL BUSINESS OFFICE 4
CENTRAL DIVISION

2012 JUN -5  AM 9: 22

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA.

**BLUMENTHAL, NORDREHAUG & BHOWMIK**
Norman B. Blumenthal (State Bar #068687)
Kyle R. Nordrehaug (State Bar #205975)
Aparajit Bhowmik (State Bar #248066)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858) 551-1223
Facsimile: (858) 551-1232
Website: www.bamlawca.com

*Attorneys for Plaintiff*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| ALEX MATHESON, an individual, on behalf of himself and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GAMESTOP, INC., a Minnesota Corporation; and Does 1 through 50, inclusive,<br><br>Defendants. | Case No. 37-2012-00098353-CU-OE-CTL<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq.*;<br><br>2. FAILURE TO PAY REGULAR AND OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE §§ 510 & 1194, *et seq.*; and,<br><br>3. FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226.<br><br>DEMAND FOR A JURY TRIAL |

1

CLASS ACTION COMPLAINT

1    Plaintiff Alex Matheson ("PLAINTIFF"), an individual, on behalf of himself and all

2  other similarly situated current and former employees, alleges on information and belief, except

3  for his own acts and knowledge which are based on personal knowledge, the following:

4

5                                    **THE PARTIES**

6    1.    Defendant Gamestop, Inc. ("GAMESTOP" or "DEFENDANT") is a Minnesota

7  Corporation with its principal place of business located in Grapevine, Texas.  At all relevant

8  times mentioned herein, GAMESTOP conducted and continues to conduct substantial business

9  in the state of California.

10    2.    GAMESTOP is the largest retailer of new and used games, hardware,

11  entertainment software, and accessories.  The company operates 6,700 stores in the U.S.,

12  Europe, Australia, and Canada, including operating over 460 stores in the state of California.

13  To service all of their stores, GAMESTOP employs over 71,000 employees.

14    3.    Plaintiff Alex Matheson has been employed by GAMESTOP in San Diego

15  County, California as a Senior Game Advisor since April of 2007 and has at all times relevant

16  been classified by Gamestop as a non-exempt employee paid on an hourly basis.  Plaintiff Alex

17  Matheson continues to be employed in this position as of the filing of this Complaint.

18    4.    PLAINTIFF brings this Class Action on behalf of himself and a California class,

19  defined as all individuals who are or previously were employed by Defendant Gamestop, Inc.

20  in California as non-exempt employees (the "CALIFORNIA CLASS") at any time during the

21  period beginning four (4) years prior to the filing of this Complaint and ending on the date as

22  determined by the Court (the "CALIFORNIA CLASS PERIOD").

23    5.    During the CALIFORNIA CLASS PERIOD, GAMESTOP has not had in place

24  a timekeeping system to accurately record and pay PLAINTIFF and other CALIFORNIA

25  CLASS Members for the actual number of hours these employees work each day, including

26  overtime hours, that ensures no off the clock hours worked.  Pursuant to the Industrial Welfare

27  Commission Wage Orders, GAMESTOP is required to pay PLAINTIFF and CALIFORNIA

28  CLASS Members for all hours worked, meaning the time during which an employee is subject

2
CLASS ACTION COMPLAINT

1    to the control of an employer, including all the time the employee is suffered or permitted to
2    work. GAMESTOP consistently requires PLAINTIFF and CALIFORNIA CLASS Members
3    to work off the clock without paying them for all the time they are under GAMESTOP's control
4    performing post-shift duties, specifically by failing to provide enough labor hours to accomplish
5    all the job tasks that GAMESTOP expects PLAINTIFF and CALIFORNIA CLASS Members
6    to complete on a daily and/or weekly basis. PLAINTIFF and CALIFORNIA CLASS Members
7    are ordered to clock out of GAMESTOP's timekeeping system, in order to perform additional
8    work for GAMESTOP as required to meet GAMESTOP's job requirements without additional
9    pay. As a result, the PLAINTIFF and other CALIFORNIA CLASS Members forfeit hours
10   worked by regularly working without their time being accurately recorded and without
11   compensation for all hours worked, including overtime hours. GAMESTOP's uniform policy
12   and practice not to pay PLAINTIFF and other CALIFORNIA CLASS Members for all hours
13   worked, including overtime hours worked, is evidenced by GAMESTOP's business records.

14        6.    As a result of GAMESTOP's failure to record all hours worked by the
15   PLAINTIFF and CALIFORNIA CLASS Members, the wage statements issued to PLAINTIFF
16   and other CALIFORNIA CLASS Members violate California law, and in particular, Labor
17   Code Section 226(a).

18        7.    PLAINTIFF brings this Class Action on behalf of himself and a CALIFORNIA
19   CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during
20   the CALIFORNIA CLASS PERIOD caused by GAMESTOP's uniform policy and practice
21   which fails to lawfully compensate these employees for all their hours worked, including
22   overtime hours worked. GAMESTOP's uniform policy and practice alleged herein is an
23   unlawful, unfair and deceptive business practice whereby GAMESTOP retained and continues
24   to retain wages due PLAINTIFF and the other members of the CALIFORNIA CLASS.
25   PLAINTIFF and the other members of the CALIFORNIA CLASS seek an injunction enjoining
26   such conduct by GAMESTOP in the future, relief for the named PLAINTIFF and the other
27   members of the CALIFORNIA CLASS who have been economically injured by GAMESTOP's
28   past and current unlawful conduct, and all other appropriate legal and equitable relief.

3
CLASS ACTION COMPLAINT

8.      GAMESTOP has different shifts with different non-exempt employees paid on an hourly basis working during each shift. Although the specific time of each shift differs, the hours spent working during the shifts are nearly identical in every way. Thus, PLAINTIFF's and other CALIFORNIA CLASS Members' typical workweek requires them to perform work in excess of eight (8) hours in a workday and forty (40) hours in a workweek. GAMESTOP also routinely schedules PLAINTIFF and CALIFORNIA CLASS Members to perform work alone for more than five (5) hours at GAMESTOP's retail stores. As a result of GAMESTOP's uniform business practice of scheduling their employees to work alone at GAMESTOP's retail stores for long periods of time, PLAINTIFF and CALIFORNIA CLASS Members are effectively unable to take their meal and rest breaks as required by the Industrial Welfare Commission Wage Orders and provisions of the California Labor Code because these employees are not allowed to close the store during normal business hours to take a meal or rest break.

9.      The true names and capacities, whether individual, corporate, subsidiary, partnership, associate or otherwise of defendants DOES 1 through 50, inclusive, are presently unknown to the PLAINTIFF who therefore sues these Defendants by such fictitious names pursuant to Cal. Civ. Proc. Code § 474. The PLAINTIFF will seek leave to amend this Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when they are ascertained. PLAINTIFF is informed and believes, and based upon that information and belief alleges, that the Defendants named in this Complaint, including DOES 1 through 50, inclusive, are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged.

10.     The agents, servants and/or employees of the Defendants and each of them acting on behalf of the Defendants acted within the course and scope of his, her or its authority as the agent, servant and/or employee of the Defendants, and personally participated in the conduct alleged herein on behalf of the Defendants with respect to the conduct alleged herein. Consequently, the acts of each Defendant are legally attributable to the other Defendants and all Defendants are jointly and severally liable to the PLAINTIFF and the other members of the

1  CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the

2  Defendants' agents, servants and/or employees.

3

4                              **THE CONDUCT**

5        11.    During the CALIFORNIA CLASS PERIOD, DEFENDANT failed and continues

6  to fail to correctly record and pay PLAINTIFF and the other members of the CALIFORNIA

7  CLASS for all hours worked, including their overtime hours worked.   DEFENDANT

8  systematically, unlawfully and unilaterally fails to correctly record all hours worked by the

9  PLAINTIFF and other members of the CALIFORNIA CLASS in order to avoid paying these

10  employees the correct compensation. As a result, the PLAINTIFF and the other members of

11  the CALIFORNIA CLASS forfeit wages due them for regularly working off the clock for

12  DEFENDANT without compensation for all hours worked, including overtime hours.

13  DEFENDANT's uniform policy and practice to not pay the members of the CALIFORNIA

14  CLASS the correct compensation for all hours worked, including overtime hours, in accordance

15  with applicable law is evidenced by DEFENDANT's business records.

16        12.    During the CALIFORNIA CLASS PERIOD, DEFENDANT has failed to

17  accurately record and pay PLAINTIFF and the other members of the CALIFORNIA CLASS

18  for all hours worked, including overtime hours worked, after their scheduled shift ends.

19  DEFENDANT allocates a certain number of labor hours to each retail store. DEFENDANT

20  consistently and regularly advises PLAINTIFF and CALIFORNIA CLASS Members that each

21  retail store is not allowed to incur more labor hours than the number of labor hours budgeted

22  for that retail store during that time period.  However, DEFENDANT consistently does not

23  allocate enough labor hours such that there is not enough time for PLAINTIFF and

24  CALIFORNIA CLASS Members to complete their required duties within the allocated labor

25  hours. DEFENDANT threatens the PLAINTIFF and CALIFORNIA CLASS Members with

26  discipline and/or other sanctions, including termination of their employment with

27  DEFENDANT if they are unable to complete their assigned tasks without incurring overtime

28  hours.  As a result, DEFENDANT's uniform business practice requires PLAINTIFF and

                                    5
                          CLASS ACTION COMPLAINT

1   CALIFORNIA CLASS Members to clock out of DEFENDANT's timekeeping system to stay

2   within the allotted hours and continue to work off the clock. Faced with discipline, including

3   termination, if they did not work off the clock in order to complete their assigned duties for

4   DEFENDANT, PLAINTIFF and the CALIFORNIA CLASS Members are compelled by

5   DEFENDANT's allocation policy to work off the clock. As a result, the PLAINTIFF and the

6   other members of the CALIFORNIA CLASS forfeit hours worked by regularly working after

7   the end of their scheduled shift after clocking out without their time worked on post-shift duties

8   being accurately recorded and without compensation being paid for all hours worked, including

9   overtime hours. DEFENDANT's conduct as alleged herein is willful, intentional and not in

10  good faith.

11         13.     DEFENDANT requires PLAINTIFF and CALIFORNIA CLASS Members to

12  regularly perform work after these employees are clocked out of DEFENDANT's timekeeping

13  system.   Specifically, during the CALIFORNIA CLASS PERIOD, PLAINTIFF and

14  CALIFORNIA CLASS Members are required to clock out of DEFENDANT's timekeeping

15  system and perform tasks related to completing daily business reports, conducting loss

16  prevention procedures, and depositing the monies collected at the retail store in the bank or

17  other deposit boxes inside the mall where these employees work for DEFENDANT. During the

18  CALIFORNIA CLASS PERIOD, when PLAINTIFF and CALIFORNIA CLASS Members

19  close out DEFENDANT's cash register, these employees are clocked out of DEFENDANT's

20  timekeeping system and are effectively precluded from correctly recording their time spent on

21  these post-shift duties that DEFENDANT requires them to perform.   As a result,

22  DEFENDANT's employment practices caused the PLAINTIFF and the other members of the

23  CALIFORNIA CLASS to be unpaid during their employment with DEFENDANT after the

24  clocking out of the cash register because clocking out of the cash register does not end the work.

25  As a result, the PLAINTIFF and other CALIFORNIA CLASS Members forfeit hours worked

26  by regularly working without their time being recorded and without compensation for all hours

27  worked, including overtime hours. DEFENDANT's uniform policy and practice not to pay

28  PLAINTIFF and other CALIFORNIA CLASS Members for all hours worked, including

6

CLASS ACTION COMPLAINT

1   overtime hours, is evidenced by DEFENDANT's business records.

2       14.    In violation of the applicable sections of the California Labor Code and the
3   requirements of the Industrial Welfare Commission ("IWC") Wage Order, DEFENDANT as
4   a matter of company policy, practice and procedure, intentionally, knowingly and systematically
5   fails to compensate the PLAINTIFF and the other members of the CALIFORNIA CLASS for
6   all hours worked, including overtime hours. This uniform policy and practice of DEFENDANT
7   is intended to purposefully avoid the payment of regular and overtime compensation as required
8   by California law which allows DEFENDANT to illegally profit and gain an unfair advantage
9   over competitors who complied with the law.  To the extent equitable tolling operates to toll
10  claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS
11  PERIOD should be adjusted accordingly.

12      15.    DEFENDANT also fails to provide the PLAINTIFF and the other members of
13  the CALIFORNIA CLASS with complete and accurate wage statements which fail to show,
14  among other things, the correct number of all hours worked, including, work performed in
15  excess of eight (8) hours in a workday and forty (40) hours in any workweek. Cal. Lab. Code
16  § 226 provides that every employer shall furnish each of his or her employees with an accurate
17  itemized wage statement in writing showing, among other things, gross wages earned and all
18  applicable hourly rates in effect during the pay period and the corresponding number of hours
19  worked at each hourly rate. As a result, DEFENDANT provides the PLAINTIFF and the other
20  members of the CALIFORNIA CLASS with wage statements which violate Cal. Lab. Code §
21  226.

22      16.    During the CALIFORNIA CLASS PERIOD, DEFENDANT's uniform company
23  policy and practice is to regularly schedule only one Gamestop employee in their retail stores
24  at any given time. DEFENDANT's company policy also mandates that at any given time at
25  least one of the employees working in their retail stores must be an employee in a key-holder
26  position.   Employees who are not working in key-holder positions are restrained by
27  DEFENDANT from accessing locked merchandise displays  and reconciling business
28  transactions and DEFENDANT's uniform company policy effectively prohibits employees who

1   are not in key-holder positions to be left alone at any given time in the store. As a result, unless
2   two key-holding employees are working in DEFENDANT's retail store at the same time, no
3   key-holding employee may leave the retail store because DEFENDANT's company policy
4   dictates that someone must be there to open merchandise cases and reconcile business
5   transactions and PLAINTIFF and the CALIFORNIA CLASS Members are not permitted to
6   close the store during normal business hours to take a meal or rest break.

7       17.   DEFENDANT regularly schedules PLAINTIFF and CALIFORNIA CLASS
8   Members to perform work during shifts that last six (6) hours or longer. As described herein,
9   PLAINTIFF and CALIFORNIA CLASS Members are also required by DEFENDANT to work
10  alone, or with an employee that cannot be left alone in DEFENDANT's store, for the first five
11  (5) hours of their scheduled shift. As a result, PLAINTIFF and CALIFORNIA CLASS
12  Members are required to perform work as ordered by the DEFENDANT for more than five (5)
13  hours during a shift without receiving a meal or rest break as evidenced by daily time reports
14  for these employees. DEFENDANT has no policy in place to compensate these employees for
15  these missed meal or rest breaks as required by law. PLAINTIFF and the other non-exempt
16  employees paid on an hourly basis therefore forfeit meal and rest breaks without additional
17  compensation and in accordance with DEFENDANT's strict corporate policy and practice.

18      18.   By reason of this uniform conduct applicable to PLAINTIFF and all
19  CALIFORNIA CLASS Members, DEFENDANT committed acts of unfair competition in
20  violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*
21  (the "UCL"), by engaging in a company-wide policy and procedure which fails to accurately
22  record all hours worked, including overtime hours worked by the PLAINTIFF and other
23  CALIFORNIA CLASS Members. The proper recording of these employees' hours worked is
24  the DEFENDANT's burden. As a result of DEFENDANT's intentional disregard of the
25  obligation to meet this burden, DEFENDANT fails to correctly record and pay all required
26  regular and overtime compensation for work performed by the members of the CALIFORNIA
27  CLASS and violated the California Labor Code and regulations promulgated thereunder as
28  herein alleged.

8

CLASS ACTION COMPLAINT

19.    Plaintiff Alex Matheson has worked for DEFENDANT since April of 2007 in DEFENDANT's Carlsbad, California store.   At all times relevant, PLAINTIFF has been classified by DEFENDANT as a non-exempt, hourly employee who is paid $9.50 per hour. At the time PLAINTIFF began for working for DEFENDANT, PLAINTIFF was 16 years old and a full-time, high school student.   DEFENDANT required PLAINTIFF to sign a document purporting to be an agreement to arbitrate employment-related claims as a mandatory term and condition of employment when he was 16 years old. To the extent that DEFENDANT attempts to enforce such an agreement, PLAINTIFF hereby formally disaffirms that there is any enforceable agreement pursuant to California Family Code § 6710, and there was no lawful consent. During the CALIFORNIA CLASS PERIOD, PLAINTIFF is also required to perform work as ordered by the DEFENDANT for more than five (5) hours during a shift without receiving a meal or rest break as evidenced by daily time reports for PLAINTIFF. PLAINTIFF therefore forfeits meal and rest breaks without additional compensation and in accordance with DEFENDANT's strict corporate policy and practice which does not provide for mandatory meal and rest breaks. DEFENDANT also consistently requires PLAINTIFF to work off the clock without paying him for all the time he is under DEFENDANT's control performing post-shift duties, including, but not limited to conducting daily business transaction reports, completing banking procedures on behalf of DEFENDANT, waiting for and submitting to loss prevention inspections, and by failing to provide enough labor hours to accomplish all the job tasks that DEFENDANT expects PLAINTIFF to complete on a daily and/or weekly basis. PLAINTIFF clocks out of DEFENDANT's timekeeping system when the register is closed, but performs additional work for DEFENDANT in order to meet DEFENDANT's job requirements as ordered by DEFENDANT. As a result, the PLAINTIFF forfeits hours worked by regularly working without his time being accurately recorded and without compensation for all hours worked, including overtime hours. DEFENDANT also provides PLAINTIFF with a paystub that fails to accurately display the correct amount of all hours worked by PLAINTIFF and the correct amount of compensation for all his hours worked for certain pay periods in violation of Cal. Lab. Code § 226(a).

## JURISDICTION AND VENUE

20.     This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure, Section 410.10 and California Business & Professions Code, Section 17203. This action is brought as a Class Action on behalf of PLAINTIFF and similarly situated employees of DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382.

21.     Venue is proper in this Court pursuant to California Code of Civil Procedure, Sections 395 and 395.5, because the PLAINTIFF resides in this County and DEFENDANT (i) currently maintains and at all relevant times maintained offices and facilities in this County and/or conducts substantial business in this County, and (ii) committed the wrongful conduct herein alleged in this County against members of the CALIFORNIA CLASS and CALIFORNIA LABOR SUB-CLASS.

## THE CALIFORNIA CLASS

22.     PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL") as a Class Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of a California class, defined as all individuals who are or previously were employed by Defendant Gamestop, Inc. in California as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD").

23.     To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

24.     The California Legislature has commanded that "all wages... ...earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays", and further that "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the

10

1  regular rate of pay for an employee." (Lab. Code § 204 and § 510(a).)  The Industrial Welfare

2  Commission (IWC), however, is statutorily authorized to "establish exemptions from the

3  requirement that an overtime rate of compensation be paid... ...for executive, administrative, and

4  professional employees, provided [inter alia] that the employee is primarily engaged in duties

5  that meet the test of the exemption, [and] customarily and regularly exercises discretion and

6  independent judgment in performing those duties..."  (Lab. Code § 510(a).)  Neither the

7  PLAINTIFF nor the other members of the CALIFORNIA CLASS and/or the CALIFORNIA

8  LABOR SUB-CLASS qualify for exemption from the above requirements.

9       25.    DEFENDANT, as a matter of company policy, practice and procedure, and

10  in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order

11  requirements, and the applicable provisions of California law, intentionally, knowingly, and

12  wilfully, engaged in a practice whereby DEFENDANT systematically fails to record all hours

13  worked by PLAINTIFF and other CALIFORNIA CLASS Members, fails to record these

14  employees' missed meal and rest breaks, and fails to correctly record and pay regular and

15  overtime compensation for all hours worked by PLAINTIFF and the other members of the

16  CALIFORNIA CLASS, even though DEFENDANT enjoys the benefit of this work, requires

17  employees to perform this work and permits or suffers to permit this work.

18       26.    DEFENDANT has the legal burden to establish that each and every

19  CALIFORNIA CLASS Member was paid for all hours worked, including overtime hours

20  worked.  The DEFENDANT, however, as a matter of uniform and systematic policy and

21  procedure failed to have in place during the CALIFORNIA CLASS PERIOD and still fails to

22  have in place a policy or practice to ensure that each and every CALIFORNIA CLASS Member

23  is paid correct compensation for all hours worked, so as to satisfy their burden.  This common

24  business practice is applicable to each and every CALIFORNIA CLASS Member can be

25  adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal. Business &

26  Professions Code §§ 17200, *et seq.* (the "UCL") as causation, damages, and reliance are not

27  elements of this claim.

28       27.    At no time during the CALIFORNIA CLASS PERIOD was the compensation for

11

1   any member of the CALIFORNIA CLASS properly recalculated so as to compensate the

2   employee for all hours worked at the applicable rate, as required by California Labor Code §§

3   204 and 510, *et seq.*

4          28.     The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA

5   CLASS Members is impracticable.

6          29.     DEFENDANT uniformly violated the rights of the CALIFORNIA CLASS under

7   California law by:

8                  (a)     Violating the California Unfair Competition laws, Cal. Bus. & Prof. Code

9                          §§ 17200 *et seq.* (the "UCL"), by unlawfully, unfairly and/or deceptively

10                         having in place company policies, practices and procedures that uniformly

11                         and systematically failed to record and pay the PLAINTIFF and the other

12                         members of the CALIFORNIA CLASS for all hours worked, including

13                         overtime hours worked;

14                 (b)     Committing an act of unfair competition in violation of the UCL, by

15                         unlawfully, unfairly, and/or deceptively having in place a company policy,

16                         practice and procedure that fails to correctly calculate overtime

17                         compensation due to PLAINTIFF and the members of the CALIFORNIA

18                         CLASS;

19                 (c)     Committing an act of unfair competition in violation of the UCL, by

20                         failing to provide the PLAINTIFF and the other members of the

21                         CALIFORNIA CLASS with all legally required uninterrupted meal and

22                         rest breaks;

23                 (d)     Committing an act of unfair competition in violation of the UCL, by

24                         violating Cal. Lab. Code § 226(a), by failing to provide the PLAINTIFF

25                         and the other members of the CALIFORNIA CLASS with an accurate

26                         itemized statement in writing showing the gross wages earned, the net

27                         wages earned, all applicable hourly rates in effect during the pay period

28                         and the corresponding number of hours worked at each hourly rate by the

12

CLASS ACTION COMPLAINT

1    employee.

2    30.    This Class Action meets the statutory prerequisites for the maintenance of a

3    Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

4        (a)    The persons who comprise the CALIFORNIA CLASS are so numerous

5            that the joinder of all CALIFORNIA CLASS Members is impracticable

6            and the disposition of their claims as a class will benefit the parties and

7            the Court;

8        (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues

9            that are raised in this Complaint are common to the CALIFORNIA

10           CLASS will apply uniformly to every member of the CALIFORNIA

11           CLASS;

12       (c)    The claims of the representative PLAINTIFF are typical of the claims of

13           each member of the CALIFORNIA CLASS.  PLAINTIFF, like all the

14           other members of the CALIFORNIA CLASS, is a non-exempt employee

15           paid on an hourly basis who is subjected to the DEFENDANT's deceptive

16           practice and policy which fails to accurately record all hours worked and

17           fails to pay all wages due to the CALIFORNIA CLASS for all hours

18           worked by the CALIFORNIA CLASS and thereby systematically

19           underpays regular and overtime compensation to the CALIFORNIA

20           CLASS.   PLAINTIFF sustained economic injury as a result of

21           DEFENDANT's employment practices. PLAINTIFF and the members of

22           the CALIFORNIA CLASS were and are similarly or identically harmed

23           by the same unlawful, deceptive, unfair and pervasive pattern of

24           misconduct engaged in by DEFENDANT; and,

25       (d)    The representative PLAINTIFF will fairly and adequately represent and

26           protect the interest of the CALIFORNIA CLASS, and has retained

27           counsel who are competent and experienced in Class Action litigation.

28           There are no material conflicts between the claims of the representative

13

CLASS ACTION COMPLAINT

1      PLAINTIFF and the members of the CALIFORNIA CLASS that would
2      make class certification inappropriate.  Counsel for the CALIFORNIA
3      CLASS will vigorously assert the claims of all CALIFORNIA CLASS
4      Members.

5      31.   In addition to meeting the statutory prerequisites to a Class Action, this action

6   is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

7      (a)   Without class certification and determination of declaratory, injunctive,
8            statutory and other legal questions within the class format, prosecution of
9            separate actions by individual members of the CALIFORNIA CLASS will
10           create the risk of:

11           1)   Inconsistent or varying adjudications with respect to individual
12                members of the CALIFORNIA CLASS which would establish
13                incompatible standards of conduct for the parties opposing the
14                CALIFORNIA CLASS; and/or,

15           2)   Adjudication with respect to individual members of the
16                CALIFORNIA CLASS which would as a practical matter be
17                dispositive of interests of the other members not party to the
18                adjudication or substantially impair or impede their ability to
19                protect their interests.

20     (b)   The parties opposing the CALIFORNIA CLASS have acted or refused to
21           act on grounds generally applicable to the CALIFORNIA CLASS, making
22           appropriate class-wide relief with respect to the CALIFORNIA CLASS
23           as a whole in that DEFENDANT uniformly fails to pay all wages due.
24           Including overtime wages for all overtime hours worked by the members
25           of the CALIFORNIA CLASS as required by law;

26           1)   With respect to the First Cause of Action, the final relief on behalf
27                of the CALIFORNIA CLASS sought does not relate exclusively to

28

14

CLASS ACTION COMPLAINT

1   restitution because through this claim PLAINTIFF seeks
2   declaratory relief holding that the DEFENDANT's policy and
3   practices constitute unfair competition, along with declaratory
4   relief, injunctive relief, and incidental equitable relief as may be
5   necessary to prevent and remedy the conduct declared to constitute
6   unfair competition;

7   (c)   Common questions of law and fact exist as to the members of the
8   CALIFORNIA CLASS, with respect to the practices and violations of
9   California law as listed above, and predominate over any question
10   affecting only individual CALIFORNIA CLASS Members, and a Class
11   Action is superior to other available methods for the fair and efficient
12   adjudication of the controversy, including consideration of:

13   1)   The interests of the members of the CALIFORNIA CLASS in
14   individually controlling the prosecution or defense of separate
15   actions in that the substantial expense of individual actions will be
16   avoided to recover the relatively small amount of economic losses
17   sustained by the individual CALIFORNIA CLASS Members when
18   compared to the substantial expense and burden of individual
19   prosecution of this litigation;

20   2)   Class certification will obviate the need for unduly duplicative
21   litigation that would create the risk of:

22   A.   Inconsistent or varying adjudications with respect to
23   individual members of the CALIFORNIA CLASS, which
24   would establish incompatible standards of conduct for the
25   DEFENDANT; and/or,

26   B.   Adjudications with respect to individual members of the
27   CALIFORNIA CLASS would as a practical matter be
28   dispositive of the interests of the other members not parties

15

1          to the adjudication or substantially impair or impede their

2          ability to protect their interests;

3     3)   In the context of wage litigation because a substantial number of

4          individual CALIFORNIA CLASS Members will avoid asserting

5          their legal rights out of fear of retaliation by DEFENDANT, which

6          may adversely affect an individual's job with DEFENDANT or

7          with a subsequent employer, the Class Action is the only means to

8          assert their claims through a representative; and,

9     4)   A class action is superior to other available methods for the fair

10         and efficient adjudication of this litigation because class treatment

11         will obviate the need for unduly and unnecessary duplicative

12         litigation that is likely to result in the absence of certification of

13         this action pursuant to Cal. Code of Civ. Proc. § 382.

14    32.   This Court should permit this action to be maintained as a Class Action

15 pursuant to Cal. Code of Civ. Proc. § 382 because:

16    (a)   The questions of law and fact common to the CALIFORNIA CLASS

17         predominate over any question affecting only individual CALIFORNIA

18         CLASS Members because the DEFENDANT's employment practices are

19         uniformly and systematically applied with respect to the CALIFORNIA

20         CLASS;

21    (b)   A Class Action is superior to any other available method for the fair and

22         efficient adjudication of the claims of the members of the CALIFORNIA

23         CLASS because in the context of employment litigation a substantial

24         number of individual CALIFORNIA CLASS Members will avoid

25         asserting their rights individually out of fear of retaliation or adverse

26         impact on their employment;

27    (c)   The members of the CALIFORNIA CLASS are so numerous that it is

28         impractical to bring all members of the CALIFORNIA CLASS before the

1    Court;

2    (d)    PLAINTIFF, and the other CALIFORNIA CLASS Members, will not be

3           able to obtain effective and economic legal redress unless the action is

4           maintained as a Class Action;

5    (e)    There is a community of interest in obtaining appropriate legal and

6           equitable relief for the acts of unfair competition, statutory violations and

7           other improprieties, and in obtaining adequate compensation for the

8           damages and injuries which DEFENDANT's actions have inflicted upon

9           the CALIFORNIA CLASS;

10   (f)    There is a community of interest in ensuring that the combined assets of

11          DEFENDANT are sufficient to adequately compensate the members of

12          the CALIFORNIA CLASS for the injuries sustained;

13   (g)    DEFENDANT has acted or refused to act on grounds generally applicable

14          to the CALIFORNIA CLASS, thereby making final class-wide relief

15          appropriate with respect to the CALIFORNIA CLASS as a whole;

16   (h)    The members of the CALIFORNIA CLASS are readily ascertainable from

17          the business records of DEFENDANT.  The CALIFORNIA CLASS

18          consists of all individuals who are or previously were employed by

19          DEFENDANT in California as non-exempt employees during the

20          CALIFORNIA CLASS PERIOD; and,

21   (i)    Class treatment provides manageable judicial treatment calculated to bring

22          a efficient and rapid conclusion to all litigation of all wage and hour

23          related claims arising out of the conduct of DEFENDANT as to the

24          members of the CALIFORNIA CLASS.

25   33.   DEFENDANT maintains records from which the Court can ascertain and

26   identify by job title each of DEFENDANT's employees who have been systematically,

27   intentionally and uniformly subjected to DEFENDANT's company policy, practices and

28   procedures as herein alleged.  PLAINTIFF will seek leave to amend the Complaint to include

17

1   any additional job titles of similarly situated employees when they have been identified.

2

3                          **THE CALIFORNIA LABOR SUB-CLASS**

4         34.     PLAINTIFF further brings the Second and Third Causes of Action on behalf of

5   a California sub-class, defined as all members of the CALIFORNIA CLASS who are or

6   previously were employed by DEFENDANT in California as non-exempt employees (the

7   "CALIFORNIA LABOR SUB-CLASS") at any time during the period three (3) years prior to

8   the filing of the complaint and ending on the date as determined by the Court (the

9   "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Cal. Code of Civ. Proc. § 382.

10         35.     DEFENDANT, as a matter of company policy, practice and procedure, and

11   in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order

12   requirements, and the applicable provisions of California law, intentionally, knowingly, and

13   wilfully, engages in a practice whereby DEFENDANT fails to record all hours worked by the

14   PLAINTIFF and members of the CALIFORNIA LABOR SUB-CLASS, including overtime

15   hours, and fails to correctly provide compensation for all hours worked by the PLAINTIFF and

16   the other members of the CALIFORNIA LABOR SUB-CLASS, even though DEFENDANT

17   enjoys the benefit of this work, requires employees to perform this work and permits or suffers

18   to permit this work. DEFENDANT has uniformly denied these CALIFORNIA LABOR SUB-

19   CLASS Members all wages due them to which these employees are entitled in order to unfairly

20   cheat the competition and unlawfully profit. To the extent equitable tolling operates to toll

21   claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the CALIFORNIA

22   LABOR SUB-CLASS PERIOD should be adjusted accordingly.

23         36.     DEFENDANT maintains records from which the Court can ascertain and

24   identify by name and job title, each of DEFENDANT's employees who have been

25   systematically, intentionally and uniformly subjected to DEFENDANT's company policy,

26   practices and procedures as herein alleged. PLAINTIFF will seek leave to amend the complaint

27   to include any additional job titles of similarly situated employees when they have been

28   identified.

18

CLASS ACTION COMPLAINT

37.     The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable.

38.     Common questions of law and fact exist as to members of the CALIFORNIA LABOR SUB-CLASS, including, but not limited, to the following:

(a)     Whether DEFENDANT unlawfully failed to correctly record and pay regular overtime compensation to members of the CALIFORNIA LABOR SUB-CLASS in violation of the California Labor Code and California regulations and the applicable California Wage Order;

(b)     Whether the members of the CALIFORNIA LABOR SUB-CLASS are entitled to overtime compensation for all hours worked, including overtime hours worked under the overtime pay requirements of California law;

(c)     Whether DEFENDANT's arbitration agreements violate Section 7 of the National Labor Relations Act (29 U.S.C. § 157);

(d)     Whether Plaintiff Alex Matheson, and those similarly situated, who were minors when they signed arbitration agreements with DEFENDANT, may disaffirm those agreements pursuant to California Family Code § 6710;

(e)     Whether DEFENDANT instructed, programmed, or permitted employees to state an incorrect number of hours worked;

(f)     Whether DEFENDANT failed to maintain an immutable timekeeping system so as to record true and accurate time records for the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS;

(g)     Whether DEFENDANT failed to provide the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with all legally required uninterrupted meal and rest breaks;

(h)     Whether DEFENDANT failed to provide the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with accurate itemized wage statements;

19

(i)    Whether DEFENDANT has engaged in unfair competition by the above-listed conduct;

(j)    The proper measure of damages and penalties owed to the members of the CALIFORNIA LABOR SUB-CLASS; and,

(k)    Whether DEFENDANT's conduct was willful.

39.    DEFENDANT, as a matter of company policy, practice and procedure, fails to correctly record all hours worked by the PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members, fails to correctly pay compensation for all hours worked by the CALIFORNIA LABOR SUB-CLASS Members, and fails to provide accurate records of all hours worked, including overtime hours worked by these employees in violation of Cal. Lab. Code § 226. This business practice is uniformly applied to each and every member of the CALIFORNIA LABOR SUB-CLASS, and therefore, the propriety of this conduct can be adjudicated on a class-wide basis.

40.    DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS under California law by:

(a)    Violating Cal. Lab. Code §§ 510 & 1194, *et seq.*, by failing to accurately pay the PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS wages due for all hours worked, including overtime hours worked for which DEFENDANT is liable pursuant to Cal. Lab. Code § 1194; and,

(b)    Violating Cal. Lab. Code § 226, by failing to provide the PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS with an accurate itemized statement in writing showing all accurate and applicable overtime rates in effect during the pay period and the corresponding number of hours worked at each overtime rate by the employee.

41.    This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

(a)    The persons who comprise the CALIFORNIA LABOR SUB-CLASS are

20

CLASS ACTION COMPLAINT

1   so numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS
2   Members is impracticable and the disposition of their claims as a class
3   will benefit the parties and the Court;

4   (b)   Nearly all factual, legal, statutory, declaratory and injunctive relief issues
5   that are raised in this Complaint are common to the CALIFORNIA
6   LABOR SUB-CLASS and will apply uniformly to every member of the
7   CALIFORNIA LABOR SUB-CLASS;

8   (c)   The claims of the representative PLAINTIFF are typical of the claims of
9   each member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF,
10   like all the other members of the CALIFORNIA LABOR SUB-CLASS,
11   is a non-exempt employee paid on an hourly basis who is subjected to the
12   DEFENDANT's deceptive practice and policy which fails to correctly
13   record all hours worked and fails to pay all wages due to the
14   CALIFORNIA LABOR SUB-CLASS for all hours worked, including
15   overtime hours worked by the CALIFORNIA LABOR SUB-CLASS and
16   thereby systematically underpaid regular and overtime compensation to
17   the CALIFORNIA LABOR SUB-CLASS.    PLAINTIFF sustained
18   economic injury as a result of DEFENDANT's employment practices.
19   PLAINTIFF and the members of the CALIFORNIA LABOR SUB-
20   CLASS were and are similarly or identically harmed by the same
21   unlawful, deceptive, unfair and pervasive pattern of misconduct engaged
22   in by DEFENDANT; and,

23   (d)   The representative PLAINTIFF will fairly and adequately represent and
24   protect the interest of the CALIFORNIA LABOR SUB-CLASS, and has
25   retained counsel who are competent and experienced in Class Action
26   litigation.  There are no material conflicts between the claims of the
27   representative PLAINTIFF and the members of the CALIFORNIA
28   LABOR SUB-CLASS that would make class certification inappropriate.

21

CLASS ACTION COMPLAINT

1        Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously

2        assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

3        42.    In addition to meeting the statutory prerequisites to a Class Action, this action

4    is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

5        (a)    Without class certification and determination of declaratory, injunctive,

6            statutory and other legal questions within the class format, prosecution of

7            separate actions by individual members of the CALIFORNIA LABOR

8            SUB-CLASS will create the risk of:

9            1)    Inconsistent or varying adjudications with respect to individual

10               members of the CALIFORNIA LABOR SUB-CLASS which

11               would establish incompatible standards of conduct for the parties

12               opposing the CALIFORNIA LABOR SUB-CLASS; or,

13           2)    Adjudication with respect to individual members of the

14               CALIFORNIA LABOR SUB-CLASS which would as a practical

15               matter be dispositive of interests of the other members not party to

16               the adjudication or substantially impair or impede their ability to

17               protect their interests.

18       (b)    The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted

19           or refused to act on grounds generally applicable to the CALIFORNIA

20           LABOR SUB-CLASS, making appropriate class-wide relief with respect

21           to the CALIFORNIA LABOR SUB-CLASS as a whole in that

22           DEFENDANT uniformly fails to pay all wages due. Including overtime

23           wages for all overtime hours worked by the members of the

24           CALIFORNIA LABOR SUB-CLASS as required by law;

25       (c)    Common questions of law and fact predominate as to the members of the

26           CALIFORNIA LABOR SUB-CLASS, with respect to the practices and

27           violations of California Law as listed above, and predominate over any

28           question affecting only individual CALIFORNIA LABOR SUB-CLASS

22

CLASS ACTION COMPLAINT

Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)     The interests of the members of the CALIFORNIA LABOR SUB-CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA LABOR SUB-CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)     Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

    A.     Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

    B.     Adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)     In the context of wage litigation because a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

23

CLASS ACTION COMPLAINT

1    4)    A class action is superior to other available methods for the fair

2         and efficient adjudication of this litigation because class treatment

3         will obviate the need for unduly and unnecessary duplicative

4         litigation that is likely to result in the absence of certification of

5         this action pursuant to Cal. Code of Civ. Proc. § 382.

6    43.   This Court should permit this action to be maintained as a Class Action

7    pursuant to Cal. Code of Civ. Proc. § 382 because:

8    (a)   The questions of law and fact common to the CALIFORNIA LABOR

9         SUB-CLASS predominate over any question affecting only individual

10        CALIFORNIA LABOR SUB-CLASS Members;

11   (b)   A Class Action is superior to any other available method for the fair and

12        efficient adjudication of the claims of the members of the CALIFORNIA

13        LABOR SUB-CLASS because in the context of employment litigation a

14        substantial number of individual CALIFORNIA LABOR SUB-CLASS

15        Members will avoid asserting their rights individually out of fear of

16        retaliation or adverse impact on their employment;

17   (c)   The members of the CALIFORNIA LABOR SUB-CLASS are so

18        numerous that it is impractical to bring all members of the CALIFORNIA

19        LABOR SUB-CLASS before the Court;

20   (d)   PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS

21        Members, will not be able to obtain effective and economic legal redress

22        unless the action is maintained as a Class Action;

23   (e)   There is a community of interest in obtaining appropriate legal and

24        equitable relief for the acts of unfair competition, statutory violations and

25        other improprieties, and in obtaining adequate compensation for the

26        damages and injuries which DEFENDANT's actions have inflicted upon

27        the CALIFORNIA LABOR SUB-CLASS;

28   (f)   There is a community of interest in ensuring that the combined assets of

24

CLASS ACTION COMPLAINT

1  DEFENDANT are sufficient to adequately compensate the members of
2  the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

3  (g)  DEFENDANT has acted or refused to act on grounds generally applicable
4  to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-
5  wide relief appropriate with respect to the CALIFORNIA LABOR SUB-
6  CLASS as a whole;

7  (h)  The members of the CALIFORNIA LABOR SUB-CLASS are readily
8  ascertainable from the business records of DEFENDANT. The
9  CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA
10  CLASS Members who are or previously were employed by DEFENDANT
11  in California as non-exempt employees during the CALIFORNIA
12  LABOR SUB-CLASS PERIOD; and,

13  (i)  Class treatment provides manageable judicial treatment calculated to bring
14  a efficient and rapid conclusion to all litigation of all wage and hour
15  related claims arising out of the conduct of DEFENDANT as to the
16  members of the CALIFORNIA LABOR SUB-CLASS.

18  **FIRST CAUSE OF ACTION**
19  **For Unlawful Business Practices**
20  **[Cal. Bus. And Prof. Code §§ 17200, *et seq.*]**
21  **(By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)**

22  44.  PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and
23  incorporate by this reference, as though fully set forth herein, paragraphs 1 through 43 of this
24  Complaint.

25  45.  DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof.
26  Code § 17021.

27  46.  California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines
28  unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section

25

CLASS ACTION COMPLAINT

17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

Cal. Bus. & Prof. Code § 17203.

47.    By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California law, including but not limited to, Wage Order 4-2001, the California Code of Regulations and the California Labor Code including Sections 226(a), 226.7, 510, 512, 1194, 1197 & 1198, for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

48.    By the conduct alleged herein, DEFENDANT's practices are unlawful and unfair in that these practices violate public policy, are immoral, unethical, oppressive, unscrupulous or substantially injurious to employees, and are without valid justification or utility for which this Court should issue equitable and injunctive relief pursuant to Section 17203 of the California Business & Professions Code, including restitution of wages wrongfully withheld.

49.    By the conduct alleged herein, DEFENDANT's practices are deceptive and fraudulent in that DEFENDANT's uniform policy and practice fails to pay PLAINTIFF, and other members of the CALIFORNIA CLASS, wages due for all hours worked, including overtime hours worked, due to a systematic and uniform business practice of requiring PLAINTIFF and CALIFORNIA CLASS Members to work off the clock that cannot be justified, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. Code §§ 17200, *et seq.*, and for which this Court should

1   issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including

2   restitution of wages wrongfully withheld.

3       50.     By the conduct alleged herein, DEFENDANT's practices are also unlawful,

4   unfair and deceptive in that DEFENDANT's employment practices cause the PLAINTIFF and

5   the other members of the CALIFORNIA CLASS to be underpaid during their employment with

6   DEFENDANT.

7       51.     By and through the unlawful and unfair business practices described herein,

8   DEFENDANT has obtained valuable property, money and services from the PLAINTIFF and

9   the other members of the CALIFORNIA CLASS, including earned wages for all hours worked,

10  and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the

11  detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT

12  to unfairly compete against competitors who comply with the law.

13      52.     All the acts described herein as violations of, among other things, the Industrial

14  Welfare Commission Wage Orders, the California Code of Regulations, and the California

15  Labor Code, are unlawful and in violation of public policy, are immoral, unethical, oppressive

16  and unscrupulous, are deceptive, and thereby constituted unlawful, unfair and deceptive

17  business practices in violation of Cal. Bus. & Prof. Code §§ 17200, et seq. DEFENDANT's

18  conduct is also deceptive in that DEFENDANT instituted a uniform company policy that

19  allowed DEFENDANT to require PLAINTIFF and CALIFORNIA CLASS Members to clock

20  out of DEFENDANT's timekeeping system and subsequently perform and complete post-shift

21  duties for DEFENDANT.   As a result, PLAINTIFF and the other members of the

22  CALIFORNIA CLASS perform work without their time being accurately recorded and without

23  compensation for all hours worked, including overtime hours.

24      53.     By the conduct alleged herein, DEFENDANT's practices are also unlawful,

25  unfair and deceptive in that DEFENDANT's uniform policies, practices and procedures fail to

26  provide all legally required meal and rest breaks to the PLAINTIFF and the other members of

27  the CALIFORNIA CLASS as required by Cal. Lab. Code §§ 226.7 and 512.

28      54.     Therefore, the PLAINTIFF demands on behalf of himself and on behalf of each

27

CLASS ACTION COMPLAINT

1   CALIFORNIA CLASS member, overtime wages and one (1) hour of pay for each workday in

2   which an off-duty meal period was not timely provided for each five (5) hours of work, and/or

3   pursuant to Cal. Lab. Code § 226.7(b), one (1) hour of pay for each workday in which a rest

4   period was not timely provided.

5        55.    PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to,

6   and do, seek such relief as may be necessary to restore to them the money and property which

7   DEFENDANT has acquired, or of which the PLAINTIFF and the other members of the

8   CALIFORNIA CLASS have been deprived, by means of the above described unlawful and

9   unfair business practices, including earned but unpaid wages for all hours worked.

10       56.    PLAINTIFF and the other members of the CALIFORNIA CLASS are further

11  entitled to, and do, seek a declaration that the described business practices are unlawful, unfair

12  and deceptive, and that injunctive relief should be issued restraining DEFENDANT from

13  engaging in any unlawful and unfair business practices in the future.

14       57.    PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain,

15  speedy and/or adequate remedy at law that will end the unlawful and unfair business practices

16  of DEFENDANT. Further, the practices herein alleged presently continue to occur unabated.

17  As a result of the unlawful and unfair business practices described herein, the PLAINTIFF and

18  the other members of the CALIFORNIA CLASS have suffered and will continue to suffer

19  irreparable legal and economic harm unless DEFENDANT is restrained from continuing to

20  engage in these unlawful and unfair business practices.

21

22                         **SECOND CAUSE OF ACTION**

23                  **For Failure To Pay Regular and Overtime Wages**

24                     **[Cal. Lab. Code §§ 510 & 1194, *et seq.*]**

25        **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

26                                  **Defendants)**

27       58.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

28  CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs

                                      28
                          ─────────────────────
                          CLASS ACTION COMPLAINT

1     1 through 57 of this Complaint.

2        59.     PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

3   bring a claim for DEFENDANT's willful and intentional violations of the California Labor

4   Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to pay

5   these employees for all hours worked, including, work performed in excess of eight (8) hours

6   in a workday and forty (40) hours in any workweek.

7        60.     Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and

8   public policy, an employer must timely pay its employees for all hours worked.

9        61.     Cal. Lab. Code § 510 further provides that employees in California shall not be

10   employed more than eight (8) hours per workday and more than forty (40) hours per workweek

11   unless they receive additional compensation beyond their regular wages in amounts specified

12   by law.

13        62.     Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages,

14   including minimum wage and overtime compensation and interest thereon, together with the

15   costs of suit. Cal. Lab. Code § 1197 states that the payment of a less wage than the minimum

16   wage fixed by the Industrial Welfare Commission is unlawful. Cal. Lab. Code § 1198 further

17   states that the employment of an employee for longer hours than those fixed by the Industrial

18   Welfare Commission is unlawful.

19        63.     DEFENDANT maintains a uniform wage practice of paying the PLAINTIFF

20   and the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the true

21   number of all hours worked, including overtime hours worked. As set forth herein,

22   DEFENDANT's uniform policy and practice is to unlawfully and intentionally deny timely

23   payment of wages due for all hours worked, including the overtime hours worked by the

24   PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.

25        64.     DEFENDANT's uniform pattern of unlawful wage and hour practices

26   manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a

27   whole, as a result of implementing a uniform policy and practice that fails to correctly record

28   all hours worked by PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members and

29

CLASS ACTION COMPLAINT

1   denied all compensation due to the PLAINTIFF and the other members of the CALIFORNIA

2   LABOR SUB-CLASS for all hours worked, including, the work performed in excess of eight

3   (8) hours in a workday and forty (40) hours in any workweek.

4        65.    In committing these violations of the California Labor Code, DEFENDANT fails

5   to record all hours worked and consequently underpays the actual hours worked by PLAINTIFF

6   and CALIFORNIA LABOR SUB-CLASS Members. DEFENDANT acted in an illegal attempt

7   to avoid the payment of all earned wages, and other benefits in violation of the California Labor

8   Code, the Industrial Welfare Commission requirements and other applicable laws and

9   regulations.

10       66.    As a direct result of DEFENDANT's unlawful wage practices as alleged herein,

11  the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS do not

12  receive full compensation for all hours worked, including overtime hours worked.

13       67.    Cal. Lab. Code § 515 sets out various categories of employees who are exempt

14  from the overtime requirements of the law.  None of these exemptions are applicable to the

15  PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS. Further, the

16  PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS are not subject

17  to a valid collective bargaining agreement that would preclude the causes of action contained

18  herein this Complaint. Rather, the PLAINTIFF brings this Action on behalf of himself and the

19  CALIFORNIA LABOR SUB-CLASS based on DEFENDANT's violations of non-negotiable,

20  non-waiveable rights provided by the State of California.

21       68.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, the PLAINTIFF and

22  the other members of the CALIFORNIA LABOR SUB-CLASS are paid less for hours worked

23  that they are entitled to, constituting a failure to pay all earned wages.

24       69.    DEFENDANT fails to correctly pay the PLAINTIFF and the other members of

25  the CALIFORNIA LABOR SUB-CLASS the wages for the hours they work in accordance with

26  1194, 1197 & 1197.1, even though the PLAINTIFF and the other members of the

27  CALIFORNIA LABOR SUB-CLASS are regularly required to work, and do in fact work, off

28  the clock hours as to which DEFENDANT fails to accurately record and pay as evidenced by

30

CLASS ACTION COMPLAINT

1  DEFENDANT's business records and witnessed by employees.  DEFENDANT also fails to

2  accurately pay the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

3  CLASS overtime wages for the hours they worked which are in excess of the maximum hours

4  permissible by law as required by Cal. Lab. Code §§ 510, 1194 & 1198, even though the

5  PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS are regularly

6  required to work, and do in fact work, overtime hours as to which DEFENDANT fails to

7  accurately record and pay using the applicable overtime rate as evidenced by DEFENDANT's

8  business records and witnessed by employees.

9       70.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned

10  compensation to the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

11  CLASS for the true number of hours they worked, the PLAINTIFF and the other members of

12  the CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an

13  economic injury in amounts which are presently unknown to them and which will be ascertained

14  according to proof at trial.

15       71.    DEFENDANT knew or should have known that the PLAINTIFF and the other

16  members of the CALIFORNIA LABOR SUB-CLASS are under compensated for all their hours

17  worked, including their overtime hours worked.  DEFENDANT systematically elected, either

18  through intentional malfeasance or gross nonfeasance, to not pay employees for their labor as

19  a matter of uniform company policy, practice and procedure, and DEFENDANT perpetrated

20  this systematic scheme by refusing to pay the PLAINTIFF and the other members of the

21  CALIFORNIA LABOR SUB-CLASS for all hours worked, including correct payment for all

22  overtime hours worked at the applicable overtime rate.

23       72.    In performing the acts and practices herein alleged in violation of California labor

24  laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for

25  all hours worked and provide them with the requisite compensation, DEFENDANT acted and

26  continues to act intentionally, oppressively, and maliciously toward the PLAINTIFF and the

27  other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter

28  disregard for their legal rights, or the consequences to them, and with the despicable intent of

31

CLASS ACTION COMPLAINT

1    depriving them of their property and legal rights, and otherwise causing them injury in order
2    to increase company profits at the expense of these employees.

3         73.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS
4    therefore request recovery of all unpaid wages, including overtime wages, according to proof,
5    interest, statutory costs, as well as the assessment of any statutory penalties against
6    DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable
7    statutes. To the extent compensation is determined to be owed to the CALIFORNIA LABOR
8    SUB-CLASS Members who have terminated their employment, DEFENDANT's conduct also
9    violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to
10   waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf
11   of these CALIFORNIA LABOR SUB-CLASS Members. DEFENDANT's conduct as alleged
12   herein is willful, intentional and not in good faith.  Further, the PLAINTIFF and other
13   CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

14

15                            **THIRD CAUSE OF ACTION**
16                  **For Failure to Provide Accurate Itemized Statements**
17                             **[Cal. Lab. Code § 226]**
18           **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**
19                                  **Defendants)**

20        74.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-
21   CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs
22   1 through 73 of this Complaint.

23        75.    Cal. Labor Code § 226 provides that an employer must furnish employees with
24   an "accurate itemized" statement in writing showing:

25         (1) gross wages earned,

26         (2) total hours worked by the employee, except for any employee whose compensation
27            is solely based on a salary and who is exempt from payment of overtime under
28            subdivision (a) of Section 515 or any applicable order of the Industrial Welfare

                                        32
                            ─────────────────────────────
                              CLASS ACTION COMPLAINT

1    Commission,

2    (3) the number of piecerate units earned and any applicable piece rate if the employee

3    is paid on a piece-rate basis,

4    (4) all deductions, provided that all deductions made on written orders of the employee

5    may be aggregated and shown as one item,

6    (5) net wages earned,

7    (6) the inclusive dates of the period for which the employee is paid,

8    (7) the name of the employee and his or her social security number, except that by

9    January 1, 2008, only the last four digits of his or her social security number or an

10    employee identification number other than a social security number may be shown on

11    the itemized statement,

12    (8) the name and address of the legal entity that is the employer, and

13    (9) all applicable hourly rates in effect during the pay period and the corresponding

14    number of hours worked at each hourly rate by the employee.

15    76.    At all times relevant herein, DEFENDANT violated Cal. Lab. Code § 226 in

16    that DEFENDANT fails to provide an accurate wage statement in writing that properly and

17    accurately itemized all hours worked by the PLAINTIFF and the other members of the

18    CALIFORNIA LABOR SUB-CLASS, including overtime hours worked by these employees

19    and thereby also failed to set forth the correct amount of all wages earned by the employees,

20    including overtime wages.

21    77.    DEFENDANT knowingly and intentionally failed to comply with Cal. Lab.

22    Code § 226, causing injury and damages to the PLAINTIFF and the other members of the

23    CALIFORNIA LABOR SUB-CLASS. These damages include, but are not limited to, costs

24    expended calculating the correct amount of wages due for all hours worked, including overtime

25    hours worked, and the amount of employment taxes which were not properly paid to state and

26    federal tax authorities. These damages are difficult to estimate. Therefore, the PLAINTIFF and

27    the other members of the CALIFORNIA LABOR SUB-CLASS may elect to recover liquidated

28    damages of fifty dollars ($50.00) for the initial pay period in which the violation occurred, and

33

1   one hundred dollars ($100.00) for each violation in a subsequent pay period pursuant to Cal.

2   Lab. Code § 226, in an amount according to proof at the time of trial (but in no event more than

3   four thousand dollars ($4,000.00) for the PLAINTIFF and each respective member of the

4   CALIFORNIA LABOR SUB-CLASS herein).

## PRAYER FOR RELIEF

7       WHEREFORE, PLAINTIFF prays for judgment against each Defendant, jointly and

8   severally, as follows:

9   1.   On behalf of the CALIFORNIA CLASS:

10      A)   That the Court certify the First Cause of Action asserted by the CALIFORNIA

11           CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

12      B)   An order temporarily, preliminarily and permanently enjoining and restraining

13           DEFENDANT from engaging in similar unlawful conduct as set forth herein;

14      C)   An order requiring DEFENDANT to pay all wages and all sums unlawfuly

15           withheld from compensation due to PLAINTIFF and the other members of the

16           CALIFORNIA CLASS; and,

17      D)   Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund

18           for restitution of the sums incidental to DEFENDANT's violations due to

19           PLAINTIFF and to the other members of the CALIFORNIA CLASS.

20  2.   On behalf of the CALIFORNIA LABOR SUB-CLASS:

21      A)   That the Court certify the Second and Third Causes of Action asserted by the

22           CALIFORNIA LABOR SUB-CLASS as a class action pursuant to Cal. Code of

23           Civ. Proc. § 382;

24      B)   Compensatory damages, according to proof at trial, including compensatory

25           damages for compensation due PLAINTIFF and the other members of the

26           CALIFORNIA LABOR SUB-CLASS, during the applicable CALIFORNIA

27           LABOR SUB-CLASS PERIOD plus interest thereon at the statutory rate;

28      C)   The wages of all terminated employees in the CALIFORNIA LABOR

34

CLASS ACTION COMPLAINT

1    SUB-CLASS as a penalty from the due date thereof at the same rate until paid or

2    until an action therefore is commenced, in accordance with Cal. Lab. Code § 203;

3    and,

4    D)    The greater of all actual damages or fifty dollars ($50) for the initial pay period

5    in which a violation occurs and one hundred dollars ($100) per each member of

6    the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay

7    period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and

8    an award of costs for violation of Cal. Lab. Code § 226.

9    3.    On all claims:

10    A)    An award of interest, including prejudgment interest at the legal rate;

11    B)    Such other and further relief as the Court deems just and equitable; and,

12    C)    An award of penalties and cost of suit, as allowable under the law.

13    Neither this prayer nor any other allegation or prayer in this Complaint is

14    to be construed as a request, under any circumstance, that would result in

15    a request for attorneys' fees or costs available under Cal. Lab. Code §

16    218.5.

17    Dated:   June 4, 2012                     BLUMENTHAL, NORDREHAUG & BHOWMIK

18

19                                             By:

20                                                 Norman B. Blumenthal
                                                   Attorneys for Plaintiff
21

22

23

24

25

26

27

28

35

CLASS ACTION COMPLAINT

1

2                        **DEMAND FOR A JURY TRIAL**

3           PLAINTIFF demands a jury trial on issues triable to a jury.

4

5    Dated:   June 4, 2012              BLUMENTHAL, NORDREHAUG & BHOWMIK

6

7                                    By:
                                         Norman B. Blumenthal
8                                        Attorneys for Plaintiff

9

10

11

12

13

14

15

16   K:\D:\Dropbox\Pending Litigation\Gamestop - Matheson\p-complaint-FINAL.wpd

17

18

19

20

21

22

23

24

25

26

27

28
                                        36
                              CLASS ACTION COMPLAINT